

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

RAYMOND CLARK,

    Plaintiff,

VS.

CORRECTIONS CORPORATION OF
AMERICA, ET AL.,

    Defendants.

No. 04-1280-T/An
No. 05-1224-T/An

---

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*
IN CASE NO. 04-1280
ORDER SEVERING CASES
AND
ORDER TO COMPLY WITH PLRA OR PAY CIVIL $150 FILING FEE
IN SECOND CASE

---

Plaintiff Raymond Clark a/k/a Raymond E. Clark, Tennessee Department of

Correction ("TDOC") prisoner number 227052, an inmate at the Hardeman County

Correctional Facility ("HCCF") in Whiteville, Tennessee, filed a complaint pursuant to 42

U.S.C. § 1983 on October 25, 2004, along with a motion seeking appointment of counsel.

The Court issued an order on November 1, 2004 directing the plaintiff to file, within thirty

days, the documentation required by the Prison Litigation Reform Act of 1995, 28 U.S.C.

§§ 1915(a)-(b), or pay the civil filing fee. Plaintiff filed motions seeking leave to proceed

*in forma pauperis* on November 10, 2004 and November 12, 2004. He paid the civil filing

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on 8/8/05

fee on November 23, 2004.  Accordingly, the *in forma pauperis* motions are DENIED as moot.

Subsequent to the filing of the complaint, the plaintiff filed a number of documents and motions.  On January 3, 2005, plaintiff filed what he characterized as an amended complaint, the substance of which is entirely unrelated to his original action.  On January 13, 2005, plaintiff filed a motion for a preliminary injunction, accompanied by a legal memorandum.  The preliminary injunction motion pertains to the second complaint filed by the plaintiff.  Plaintiff filed another motion for a preliminary injunction, accompanied by a legal memorandum, on March 2, 2005, pertaining to his second complaint.  On May 10, 2005, plaintiff filed a document concerning his efforts to exhaust his administrative remedies.  It is not clear whether the May 10, 2005 filing concerns his first complaint or his second complaint.

The two complaints, whether considered separately or together, fail to comply with Fed. R. Civ. P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Plaintiff's submissions are neither short nor plain.  See also Fed. R. Civ. P. 8(e)(1) ("Each averment of a pleading shall be simple, concise, and direct.").  Thus, the complaints, as written, presents this Court with a management problem since "the pleading is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." Harrell v. Directors of Bur. of Narcotics & Dangerous Drugs, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); see also Flayter v.

2

Wisconsin Dep't of Corrections, 16 Fed. Appx. 507, 509 (7th Cir. Aug. 17, 2001) (dismissing 116-page complaint pursuant to Rule 8(a)(2)); Vicom v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss amended complaint with prejudice pursuant to Rule 8(a); noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation); Plymale v. Freeman, No. 90-2202, 1991 WL 54882 (6th Cir. Apr. 12, 1991); Jennings v. Emry, 910 F.2d 1434, 1435 (7th Cir. 1990) ("A . . . complaint must be presented with intelligibility sufficient 'for a court or opposing party to understand whether a valid claim is presented and if so what it is.' . . . And it must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of that understanding.") (citations omitted); Salahuddin v. Cuomo, 861 F.2d 40 (2d Cir. 1988); Michaelis v. Nebraska State Bar Ass'n, 717 F.2d 437, 438-39 (8th Cir. 1983) (per curiam); Gordon v. Green, 602 F.2d 743 (5th Cir. 1979); Windsor v. A Federal Executive Agency, 614 F. Supp. 1255 (M.D. Tenn. 1983) (ordering plaintiff, whose complaints, including exhibits, totaled 24 pages, to amend his complaint to comply with Rule 8).

The original complaint in this case, which was filed on October 25, 2004, consists of forty-one handwritten pages and more than two inches of documents, which are arranged in no particular order and many of which have, at most, limited relevance to any issue in the

complaint.[1]  The second complaint, which was filed on January 3, 2005, consists of seventeen handwritten pages accompanied by approximately one and one-half inches of documents, which are arranged in no particular order and many of which have limited relevance to any issue in the complaint, including a long memorandum from Monroe Davis to various HCCF administrators.[2]

Because the Court is screening this complaint pursuant to 28 U.S.C. § 1915A, the Court may not order the plaintiff to file an amended complaint that complies with the Federal Rules of Civil Procedure.  McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir. 1997).  Accordingly, the Court ordinarily would dismiss the complaint without prejudice to the plaintiff's right to commence a new action concerning the same subject matter, so long as the new complaint is in compliance with Fed. R. Civ. P. 8(a)(2) and (e)(1).  In this case,

---

[1]  As an example of the irrelevant documents submitted with the original complaint, plaintiff has included a copy of a letter from inmate Monroe Davis to the TDOC Commissioner complaining about the confiscation of his legal mail.  Plaintiff previously filed a motion seeking reconsideration of the issuance of a strike, pursuant to 28 U.S.C. § 1915(g), in a previous action on the ground that his complaint was filed by Monroe Davis, who the plaintiff contended was an unqualified inmate who falsely represented to him that he was authorized by the warden to assist prisoners with their legal matters.  Clark v. Corrections Corp. of Am., et al., No. 04-1038-T/An (W.D. Tenn. dismissed Aug. 30, 2004).  Thus, plaintiff's motion for reconsideration in that case, which was filed on September 20, 2004, argued that plaintiff was victimized by Davis, whereas he apparently relies, at least indirectly, on the efforts of Davis in the complaint filed on October 25, 2004.

The plaintiff is reminded that Monroe Davis has been barred from performing legal services on behalf of other inmates in connection with cases filed in this district.  In particular, "[h]e shall not conduct legal research, he shall not draft or otherwise assist in the preparation of any documents, motions, pleadings, evidence, or discovery, he shall not file any documents of any sort with the United States District Court for the Western District of Tennessee on behalf of any person other than himself."  Davis v. Conley, et al., No. 96-3266, slip op. at 17 (W.D. Tenn. dismissed Nov. 2, 1996).  Moreover, any prisoner who submits documents prepared by Davis may be subject to sanctions.  Id.  (As the Court first advised plaintiff of the restrictions imposed on Davis in an order issued on February 22, 2005 in case no. 04-1038, it is possible that plaintiff was not aware of this sanctions order at the time he commenced this action.)

[2]  The logistical difficulties are compounded by the fact that the two preliminary injunction motions filed by this plaintiff are both approximately three inches thick, inclusive of exhibits and supporting memoranda.

however, the logistical difficulties created by this case can be ameliorated by severing the two complaints in this case.[3] Accordingly, the Clerk is directed to remove the "amended" complaint (doc. #6) filed on January 3, 2005 from the file in this case and docket it as a new civil action. Likewise, the Clerk is directed to remove the two motions for preliminary injunction with the accompanying memoranda (doc. #7, #8, #9, #10), filed on January 13, 2005 and March 2, 2005, from the file in this case and refile them with the January 3, 2005 complaint. Finally, the Clerk is directed to file the notice submitted on May 10, 2005 (doc. #11) in both case no. 04-1280 and in the new case.

The next issue to be considered is the assessment of a filing fee for the new case.[4] Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), all prisoners bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a).[5] The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper

---

[3] Apart from the length of the plaintiff's pleadings, the filing of the so-called amended complaint, which is actually an entirely new complaint asserting new claims arising out of a different factual situation and which does not incorporate the allegations of the original complaint, causes its own logistical difficulties for the Court and the defendants.

[4] The Court understands that plaintiff filed a second, independent complaint under the guise of an "amended" complaint in case no. 04-1280 in order to avoid paying a second filing fee. However, because the plaintiff's submissions do not comply Fed. R. Civ. P. 8(a)(1) and (e)(1), he has put himself at risk of a dismissal of this action in its entirety, thereby entirely wasting the filing fee he has already paid. Moreover, any further complaints filed by this plaintiff would incur the new $250 civil filing fee.

[5] Because the second complaint was filed prior to March 7, 2005, the new $250 civil filing fee is inapplicable.

status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs.").

In order to take advantage of the installment procedures, a prisoner plaintiff must properly complete and submit to the district court, along with the complaint, either Form 4 of the Appendix of Forms found in the Federal Rules of Appellate Procedure, or an affidavit that contains the same detailed information found in Form 4. McGore, 114 F.3d at 605. The prisoner must also submit a certified prison trust fund account statement, showing all activity in his account for the six months preceding the filing of the complaint, and specifically showing:

1)    the average monthly deposits, and
2)    the average monthly balance

for the six months prior to submission of the complaint, and

3)    the account balance when the complaint was submitted.

In this case, the *in forma pauperis* documents submitted by the plaintiff substantially predate the filing of the second complaint and cannot be used to assess the filing fee in the new, severed action. Therefore, at the present time, plaintiff is not eligible to take advantage of the installment payment procedures of § 1915(b). Accordingly, plaintiff is hereby ORDERED to submit a new *in forma pauperis* affidavit and a certified copy of his trust fund account statement or the full $150 civil filing fee to the following address within thirty (30) days after the entry of this order:

6

Clerk, United States District Court, Western District of Tennessee, 262 U.S. Courthouse, 111 S. Highland Ave., Jackson, TN 38301.

If plaintiff needs additional time to file the required documents, he may, within 30 days after the entry of this order, request an extension of time from this Court. Any extension granted may not exceed an additional 30 days. McGore, 114 F.3d at 605. If plaintiff fails to timely file the required documentation, the Court will dismiss the action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute. McGore, 114 F.3d at 605.[6] If dismissed under these circumstances, the case will not be reinstated despite the subsequent payment of the full filing fee and regardless of any request for pauper status.

If plaintiff timely submits the proper documentation, and the Court finds that plaintiff is indeed indigent, then the Court will assess the filing fee in accordance with the installment procedures of § 1915(b).

The Clerk is directed to provide the plaintiff a copy of the prisoner *in forma pauperis* affidavit form along with this order.

IT IS SO ORDERED this ___1st___ day of August, 2005.

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[6]  If the severed complaint is dismissed for failure to prosecute, no filing fee will be assessed even though the filing fee ordinarily accrues at the moment the complaint is filed. In this case, the plaintiff did not intend to file a second action; therefore, the filing fee will be due and payable only if the plaintiff signifies his intention to proceed with the new, severed action by filing the necessary *in forma pauperis* documentation.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 7 in case 1:05-CV-01224 was distributed by fax, mail, or direct printing on August 8, 2005 to the parties listed.

Raymond Clark
HCCF-CCA
227052
P. O. Box 546
Whiteville, TN 38075

Honorable James Todd
US DISTRICT COURT