IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RAYMOND CLARK, )
)
    Plaintiff, )
)
VS. ) No. 05-1224-T
)
CORRECTIONS CORPORATION OF )
AMERICA, ET AL., )
)
    Defendants. )

## ORDER TO FILE FINANCIAL DOCUMENTATION
## OR PAY FULL APPELLATE FILING FEE

Plaintiff Raymond Clark, acting *pro se*, filed a complaint under 42 U.S.C. § 1983. The Court issued an order dismissing the case on September 27, 2005; judgment was filed on October 17, 2005 and formally entered on the docket on October 18, 2005. The order of dismissal certified under 28 U.S.C. § 1915(a)(3) that an appeal would not be taken in good faith. On November 2, 2005, plaintiff filed a notice of appeal.

Generally, a plaintiff granted leave to proceed *in forma pauperis* is not required to pay the filing fee. 28 U.S.C. § 1915(a)(1). Because plaintiff is a prisoner, however, he must pay the entire $255.00 appellate filing fee required by 28 U.S.C. § 1914, regardless of whether he is granted leave to proceed *in forma pauperis*, although he may be able to take advantage of the installment payment method of § 1915(b). See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation

of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs.") In addition, the United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not preclude an indigent prisoner plaintiff from using the installment procedures of § 1915(b) to pay the filing fee. McGore, 114 F.3d at 610-11.

In order to take advantage of the installment procedures, a prisoner plaintiff must properly complete and submit to the district court, along with the notice of appeal, an application to proceed *in forma pauperis* with Form 4 from the Appendix of Forms found in the Federal Rules of Appellate Procedure, or an affidavit which contains the same detailed information found in Form 4. McGore, 114 F.3d at 610. The prisoner must also submit a certified prison trust account statement, showing all activity in his account for the past six months, and specifically showing: (1) the average monthly deposits and (2) the average monthly balance, for the six months immediately prior to the filing of the notice of appeal, and (3) the account balance when the notice of appeal was submitted.

In this case, plaintiff has not submitted an *in forma pauperis* affidavit or a prison trust fund account statement. Therefore, at the present time, plaintiff is not eligible to take advantage of the installment payment procedures of § 1915(b). Plaintiff is, however, liable to the Court for the full $255 appellate filing fee, which accrued at the moment the notice of appeal was filed. Accordingly, plaintiff is hereby ORDERED to submit an *in forma pauperis* affidavit and a certified trust account statement, or submit the full $255 appellate filing fee, to the following address within 30 days after the entry of this order:

    Clerk, United States District Court, Western District of Tennessee
    262 U.S. Courthouse, 111 S. Highland Ave., Jackson, TN 38301

If plaintiff needs additional time to file the required documents, he may, within 30 days after the entry of this order, request an extension of time from this Court. McGore, 114 F.3d at 609. Any extension granted may not exceed an additional 30 days. Id.

If plaintiff fails to file the required documentation in a timely manner, the Court will assess the entire filing fee without regard to the installment payment procedures and will notify the Court of Appeals, who may dismiss the appeal for failure to prosecute under Fed. R. App. P. 3(a)(2). If dismissed under these circumstances, the appeal will not be reinstated despite the subsequent payment of the full filing fee and regardless of any request for pauper status. However, if plaintiff timely submits the proper documentation, and the Court finds that plaintiff is indeed indigent, then the Court will assess the filing fee in accordance with the installment procedures of § 1915(b).

The Clerk will provide the plaintiff a copy of the correct affidavit form with this order. The Clerk also is directed to send a copy of this order to the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED.

*James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

3 November 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 15 in case 1:05-CV-01224 was distributed by fax, mail, or direct printing on November 8, 2005 to the parties listed.

---

Raymond Clark
N.E.C.X.
227052
P. O. Box 5000
Mountian City, TN 37683

Honorable James Todd
US DISTRICT COURT